UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| REGINA Y. GALLAHAN, )<br><br>    Plaintiff,    )<br><br>        v.    )<br><br>DONALD C. WINTER,    )<br>Secretary of the Navy,    )<br><br>    Defendant.    ) | Case: 08-0544 (RMC) |

---

## ANSWER

NOW COMES, the Defendant, by and through the United States Attorney for the District of Columbia and hereby answers the Plaintiff's complaint in the above-captioned action as follows:

### FIRST AFFIRMATIVE DEFENSE

#### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

#### Second Defense

Answering specifically the numbered paragraphs of Plaintiff's Complaint, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1.

Answering Paragraph 1 of the complaint, Defendant denies engaging in any unlawful discriminatory action against Plaintiff.  Defendant admits Plaintiff was not promoted from a GS-13 Budget Analyst position to a GS-14 Supervisory Budget Analyst position.  To the extent that the remaining allegations in paragraph 1 expresses plaintiff's contentions and conclusions of law, they do not require a response from the defendant.  To the extent an answer is required, deny.

2.

Answering Paragraph 2 of the complaint, Defendant is unable to admit or deny the length of Plaintiff's tenure with the Federal Government.  Defendant admits Plaintiff has 17 years of service at NAVSEA.  Defendant admits the remaining allegations contained therein.

3.

Defendant admits Paragraph 3 of the complaint.

4.

Defendant admits Paragraph 4 of the complaint.

5.

Defendant admits Paragraph 5 of the complaint.

6.

Defendant admits Paragraph 6 of the complaint with respect to the fact that venue is proper in the District of Columbia. Defendant denies that any discriminatory acts took place.

7.

Defendant admits Paragraph 7 of the complaint, except for the allegation that the Agency mailed the Final Agency Decision to Plaintiff and her counsel on December 27, 2007.

8.

Answering Paragraph 8 of the complaint, Defendant is unable to admit or deny that Plaintiff is dedicated.  Defendant admits only that Plaintiff was an employee of NAVSEA for 17 years, and denies for want of knowledge, the remainder of the allegations contained therein.

9.

Answering Paragraph 9 of the complaint, Defendant is unable to admit or deny that Plaintiff was "highly qualified". Defendant is also unable to admit or deny that Plaintiff had extensive training and certifications, and that she consistently received "Outstanding Performance cash awards" and high performance ratings.  To the extent an answer is required, deny.

10.

Answering Paragraph 10 of the complaint, Defendant admits the allegations in Paragraph 10.

11.

Answering Paragraph 11 of the complaint, Defendant is unable to admit or deny the allegations of Paragraph 11.  To the extent an answer is required, deny.

12.

Answering Paragraph 12 of the complaint, Defendant denies the allegations of Paragraph 12 with respect to whether Plaintiff asked Mr. Albert about the next GS-14 position in the office and whether Mr. Albert instructed Plaintiff to take three additional accounting courses and that the next open position would be a 510 series.  Defendant is unable to admit or deny whether Plaintiff took additional accounting courses.

13.

Answering Paragraph 13 of the Complaint, Defendant denies that Mr. Albert announced the position.  The Human Resources Office announced the position.  Defendant admits the remaining allegations of Paragraph 13.

14.

Answering Paragraph 14 of the complaint, Defendant is unable to admit or deny whether Mr. Albert knew Ms. Pritz had taken accounting courses.  Defendant denies Mr. Albert changed the position to a 560 series so that Ms. Pritz would qualify.

15.

Answering Paragraph 15 of the complaint, Defendant denies Mr. Albert added reconciliation and case closure because Ms. Pritz had experience in that area.  Defendant admits Mr. Albert did not have knowledge of Plaintiff's reconciliation and case closure experience.

16.

Answering Paragraph 16 of the complaint, Defendant is unable to admit or deny the allegations of Paragraph 16.

17.

Answering Paragraph 17 of the complaint, Defendant is unable to admit or deny whether Mr. Albert asked Plaintiff if she applied for the position.  Defendant denies Mr. Albert told Plaintiff the questions would be "extremely difficult" and that Plaintiff responded she felt confident that she could answer any questions asked.  Defendant is unable to admit or deny the remaining allegations of Paragraph 17.

18.

Answering Paragraph 18 of the complaint, Defendant denies the allegations in Paragraph 18.

19.

Answering Paragraph 19 of the complaint, Defendant denies the allegations in Paragraph 19

20.

Answering Paragraph 20 of the complaint, Defendant denies Ms. Maguire was on the selection panel.  Defendant admits the remaining allegations in Paragraph 20.

21.

Answering Paragraph 21 of the complaint, Defendant admits the allegations in Paragraph 21.

22.

Answering Paragraph 22 of the complaint, Defendant denies the allegations in Paragraph 22.

23.

Answering Paragraph 23 of the complaint, Defendant denies Plaintiff was a "subject matter expert".  Defendant admits Plaintiff managed the budget of all FMS cases assigned to her. Defendant is unable to admit or deny whether Plaintiff "developed and monitored budgets for several major FMS weapon programs."  Defendant admits Plaintiff "managed payments from and refunds to foreign customers within the FMS program." Defendant is unable to admit or deny whether Plaintiff performed "detailed budget reviews".  Defendant admits Plaintiff performed audits and "verified that budget execution documents comply with the U.S. Code."  Defendant admits Plaintiff taught a course in the field of accounting, providing STARS training in Philadelphia.

24.

Answering Paragraph 24 of the complaint, Defendant denies the allegations of paragraph 24.

25.

Answering Paragraph 25 of the complaint, Defendant is unable to admit or deny whether Plaintiff was surprised. Defendant denies all other allegations of Paragraph 25.

26.

Answering Paragraph 26 of the complaint, Defendant denies the questions were "general" or that the interview lasted five minutes.  Defendant admits all other allegations of Paragraph 26.

27.

Answering Paragraph 27 of the complaint, Defendant is unable to admit or deny the allegations of Paragraph 27.  To the extent an answer is required, deny.

28.

Answering Paragraph 28 of the complaint, Defendant admits Ms. Maguire informed Plaintiff she did not receive the position. Defendant denies the remaining allegations of Paragraph 28.

29.

Answering Paragraph 29 of the complaint, Defendant admits Mr. Albert selected Greg Nalepa and Tammy Buisson for GS-14

positions, but denies Mr. Albert was Director of "the Office".
Mr. Albert was director of SEA 01P, Financial Management Policy
and Procedures Office Division.  Defendant admits Mr. Albert
participated in the selection of Tammy Buisson and Darlene
Pritz.  Defendant denies the remaining allegations.

30.

Answering Paragraph 30 of the complaint, Defendant denies
the allegations of Paragraph 30.

31.

Answering Paragraph 31 of the complaint, Defendant denies
the allegations of Paragraph 31.

32.

Answering Paragraph 32 of the complaint, Defendant denies
the allegations contained therein; except to admit that Mr.
Albert has three subordinate supervisors, two of whom are white
females and one is a white male (Greg Nalepa).

33.

Answering paragraph 33 of the complaint, Defendant admits
Plaintiff's witnesses testified Plaintiff was more experienced
than Ms. Pritz.  Defendant, however, denies that Plaintiff was
more knowledgeable or experienced than Ms. Pritz.

34.

Answering paragraph 34 of the complaint, Defendant denies
Plaintiff's qualifications greatly exceeded those of Ms. Pritz

at the time of Ms Pritz's promotion.  Defendant is unable to
admit or deny Plaintiff's tenure with the Federal Government, or
if her experience was "direct".  Defendant admits Ms. Pritz's
had approximately five years of federal service at the time of
the selection at issue.  Defendant denies that Ms. Pritz's
experience was "far inferior" to that of Plaintiff.  Defendant
admits Plaintiff had acted for her supervisors when they were
out of town or unavailable.

35.

Answering Paragraph 35 of the complaint, Defendant admits
Plaintiff served as the SDAF Budget Officer and that Plaintiff
provided STARS training.  Defendant is unable to admit or deny
the remaining allegations of paragraph 35.

36.

Answering Paragraph 36 of the complaint, Defendant admits
Plaintiff has more formal education than Ms. Pritz.  Defendant
denies Ms. Pritz has no college education.  Defendant admits
Plaintiff has a Bachelor of Science degree, but is unable to
admit or deny that Plaintiff took courses in accounting in order
to satisfy the requirements for a GS-14 position.

37.

Answering Paragraph 37 of the complaint, Defendant denies
the allegations contained therein.

38.

Answering Paragraph 38 of the complaint, Defendant denies the allegations contained therein.

39.

Answering Paragraph 39 of the complaint, Defendant denies the allegations contained therein.

40.

Answering Paragraph 40 of the complaint, Defendant denies the allegations contained therein.

41.

Answering Paragraph 41 of the complaint, Defendant denies the allegations contained therein.

The balance of Plaintiff's complaint consists of the Plaintiff's Prayer for Relief, which does not require a response.  To the extent a response is required, deny.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied. Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, the Defendant having fully answered requests that Plaintiff's complaint be dismissed, that costs be assessed against Plaintiff, and for any other relief deemed just and

proper.

                              Respectfully submitted,


                                      /s/
                              _____
                              JEFFREY A. TAYLOR,
                              D.C. BAR # 498610
                              United States Attorney


                                      /s/
                              _____
                              RUDOLPH CONTRERAS,
                              D.C. BAR # 434122
                              Assistant United States Attorney

                                      /s/
                              _____
                              HEATHER D. GRAHAM-OLIVER
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 4th St., N.W.
                              Washington, D.C.  20530

                              (202) 305-1334

                              _____