UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
**REGINA Y. GALLAHAN,** )
 )
    **Plaintiff,** )
 )
    v. )  Case No. 1:08-0544 (RMC)
 )
**DONALD C. WINTER,** )
Secretary of the Navy )
Department of the Navy, )
 )
    **Defendant.** )
_____ )

## JOINT 16.3 REPORT AND BRIEF STATEMENT OF THE CASE

This report sets forth the parties' agreement or respective positions with respect to scheduling further matters in this action.

### BRIEF STATEMENT OF THE CASE

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, on the basis of race (African American) and age, when she was not promoted from a GS-13 Program Analyst position to a GS-14 Supervisory Budget Analyst position. Defendant denies any allegation of discrimination in the job selection process and avers that it had legitimate business reasons for not selecting the Plaintiff for the position at issue.

## COMPLIANCE WITH LOCAL RULE 16.3(c)

The text of Rule 16.3(c) appears in italics, followed by the parties' comments.

(1) *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Plaintiff does not believe this case can be resolved by dispositive motion. The Defendant will file a motion for Summary Judgment at the end of discovery.

(2) *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

Neither party anticipates joining additional parties or amending the initial pleadings. The parties do not believe the legal or factual issues can be narrowed at this time.

(3) *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

The parties agree that this case should be assigned to a magistrate judge for discovery disputes and ADR or mediation only. For all other purposes, the parties believe that this case should not be assigned to a magistrate judge.

(4) *Whether there is a realistic possibility of settling the case.*

The parties are unable to determine whether there is a realistic probability of settlement at this point; however, the parties are willing to participate in pre-discovery mediation.

(5) *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be*

*taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.*[1]

The parties are not adverse to ADR as an option. As stated in paragraph (4) above, the parties are willing to participate in pre-discovery mediation.

(6)     *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

Plaintiff does not believe this case can be resolved by dispositive motion. The parties agree that any post-discovery dispositive motions should be filed within 30 days after the close of discovery, that oppositions or cross-motions be filed 30 days thereafter, and that any replies be filed within 21 days after the filing of the oppositions or cross-motions.

(7)     *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

Plaintiff wishes to exchange Initial Disclosures per Rule 26(a)(1), within 30 days of the commencement of discovery. The Defendant desires to dispense with initial disclosures.

(8)     *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

---

[1]Subsections (i) through (v) are not repeated herein.

    **(a)**    **Number of Interrogatories.** As provided by the Federal Rules of Civil Procedure.

    **(b)**    **Number of Depositions.** As provided by the Federal Rules of Civil Procedure.

    **(c)**    **Duration of Depositions.** As provided by the Federal Rules of Civil Procedure.

    **(d)**    **Need for Protective Order.** The parties may submit appropriate Protective Orders to protect sensitive personal, financial, and/or medical information that may be exchanged, and to permit disclosure of records protected by the Privacy Act.

    **(e)**    **Date for Completion of Discovery.** The parties believe that a total of one hundred twenty (120) days of discovery is in order, which should include discovery on any issues including damages, liability, and any expert discovery.

    **(f)**    **Requests for Admissions.** Defendant proposes that no more than 25 requests for the production of documents and/or requests for admissions be propounded by the parties. Plaintiff proposes that the number of requests for admissions and document requests follow the Federal Rules of Civil Procedure.

(9)    *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and*

*when deposition of experts should occur.*

If expert witnesses are required, the parties have agreed to exchange expert witness reports and information as soon as practicable but no later than sixty (60) days after discovery commences.

    **(a)**    **Proponent's Disclosures**: Within sixty (60) days after discovery commences.

    **(b)**    **Opponent's Disclosures**: Within thirty (30) days after service of proponent's expert disclosures.

(10) *In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The parties do not believe that this section is applicable.

(11) *Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

The parties are not requesting bifurcation.

(12) *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

Plaintiff requests that the Court set a pretrial conference for approximately 30 days after the conclusion of discovery or issuance of a ruling on any dispositive motion, if any. Defendant would like the Court to set a Status Conference at the end of Discovery and states that at that time, the Court may set a Pretrial Conference.

(13) *Whether the Court should set a firm trial date at the first scheduling conference or*

*should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties propose that the trial date be set at the pretrial conference.

(14) Other Issues**.**

The parties are not aware of any other issues that would be appropriate for inclusion in a Scheduling Order.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| JOSEPH D. GEBHARDT | JEFFREY A. TAYLOR |
| (D.C. Bar No. 113894) | D.C. BAR # 498610 |
| DANIEL K. GEBHARDT | United States Attorney |
| (D.C. Bar No. 975703) | |
| GEBHARDT & ASSOCIATES, LLP | /s/ |
| 1101 17th Street, N.W. | RUDOLPH CONTRERAS |
| Suite 807 | D.C. BAR # 434122 |
| Washington, DC 20036-4716 | Assistant United States Attorney |
| (202) 496-0400 | |
| | /s/ |
| Attorneys for Plaintiff | HEATHER D. GRAHAM-OLIVER |
| | Assistant United States Attorney |
| | Judiciary Center Building |
| | 555 4th St., N.W. |
| | Washington, D.C. 20530 |
| | (202) 305-1334 |
| | |
| | Attorneys for Defendant |